No. 84,676

IN THE MATTER OF JOHN EDWARD ROGERS, Respondent.

(7 P.3d 1260)

Opinion filed July 14, 2000.

*Stanton A. Hazlett*, disciplinary administrator, was on the formal complaint for petitioner.

There was no appearance by respondent.

*Per Curiam*: This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against John Edward Rogers, of Kansas City, Missouri, an attorney licensed to practice law in the State of Kansas.

The matter was called for hearing before the disciplinary panel on December 13, 1999. Respondent failed to appear.

The panel made the following findings of fact.

"FINDINGS OF FACT

. . . .

"2.   On September 30, 1998, pursuant to Missouri Supreme Court Rule 5.25, the Respondent voluntarily surrendered his license to practice law in the state of Missouri. The Respondent was represented by counsel in the Missouri disciplinary proceeding.

"3.   The basis for the Respondent tendering his license in Missouri, as re-flected in Respondent's Basis for Voluntary Surrender of Law License' was two-fold:

a.   The Respondent was not truthful in his communications with certain witnesses having knowledge relevant to a bar complaint filed against him in 1997 and he failed to disclose all material facts and circumstances to witnesses involved in the investigation of the complaint against him. The Respondent acknowledged that this conduct violated Missouri Rules 4-4.1 and 4-8.4(a) and (c).

b.   The Respondent admitted that he participated in the solicitation of cli-ents for his law practice in a joint marketing program with a chiropractor during the years 1996 and 1997. He admitted that the marketing program was not qualified pursuant to Missouri Rule 4-10.1 and that his actions violated Mis-souri Rules 4-7.3 and 4-10.1.

"4.   On December 2, 1998, in an Order signed by the Chief Justice of the Missouri Supreme Court, the Respondent was disbarred.

"5. During the course of the Kansas disciplinary investigation, Disciplinary Administrator Investigator Donald E. Burns obtained the home telephone number of the Respondent. In an attempt to contact the Respondent, on March 17, 1999, Mr. Burns left a telephone message on the Respondent's answering machine. Mr. Burns' call went unanswered. Then, on March 22, 1999, Mr. Burns sent the Respondent a letter. That letter was mailed to the Respondent's home address. The Respondent did not respond to this letter. Finally, on April 5, 1999, Mr. Burns sent the Respondent a second letter. That letter went unanswered.

"6. On November 2, 1999, the Disciplinary Administrator filed a Formal Complaint against the Respondent. Also on November 2, 1999, the Disciplinary Administrator sent to the Respondent, *via regular* United States mail, postage prepaid, a copy of the Formal Complaint and the Notice of Hearing. The package was sent to the Respondent's last registration address of Post Office Box 32207, Kansas City, Missouri 64111. The package was returned to the Disciplinary Administrator by the United States Postal Service marked 'unable to forward.'

"7. On that same date, the Disciplinary Administrator sent to the Respondent a copy of the Formal Complaint and the Notice of Hearing *via certified* United States mail, postage prepaid. The notice was also sent to the Respondent's last registration address of Post Office Box 32207, Kansas City, Missouri 64111. Again, this package was returned to the Disciplinary Administrator by the United States Postal Service. The package was returned because the forwarding order had expired.

"8. In his contact with the Missouri disciplinary authorities, the Disciplinary Administrator obtained the Respondent's home address. . . . On November 2, 1999, the Disciplinary Administrator sent the Respondent a copy of the Formal Complaint and the Notice of Hearing to the Respondent's home address, *via* certified United States mail, postage prepaid. The package was, returned to the Disciplinary Administrator after delivery had been attempted three (3) times."

Based upon these findings, the panel concluded:

### "CONCLUSIONS OF LAW

"Based upon the above findings of fact, the Hearing Panel makes the following conclusions of law:

"1. Kan. Sup. Ct. R. 215 governs service of process in disciplinary proceedings. That rule provides, in pertinent part as follows:

(a) Service upon the respondent of the formal complaint in any disciplinary proceeding shall be made by the Disciplinary Administrator, either by personal service or by certified mail to the address shown on the attorney's most recent registration, or at his or her last known office address.

. . . .

(c) Service by mailing under subsection (a) or (b) shall be deemed complete upon mailing whether or not the same is actually received.

. . . .

"2. Kan. Sup. Ct. R. 202 provides that [a] final adjudication in another jurisdiction that a lawyer has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this state. *Id.* Based upon the evidence presented at the hearing, including Disciplinary Administrator's Exhibits A and B, and pursuant to Kan. Sup. Ct. R. 202, the Hearing Panel concludes that the Respondent engaged in misconduct and violated KRPC 4.1, 7.3, 8.4(a), and 8.4(c).[2]

    a. KRPC 4.1 provides:

      In the course of representing a client a lawyer shall not knowingly:

      (a) make a false statement of material fact or law to a third person; or

      (b) fail to disclose a material fact to a third person when disclosure is necessary to avoid assisting a criminal or fraudulent act by a client; unless disclosure is prohibited by or made discretionary under Rule 1.6.

*Id.* Although the record is devoid of any evidence that would show that 'in the course of representing a client' the Respondent made a 'false statement of material fact or law' or 'fail[ed] to disclose a material fact to a third person,' the state of Missouri, however, concluded that he had. For that reason, the Hearing Panel concludes that, based on Kan. Sup. Ct. R. 202, the Respondent violated KRPC 4.1.

    b. Solicitation of clients by lawyers is restricted by KRPC 7.3. In this case, the record clearly establishes that the Respondent directly solicited clients for his law practice in a joint marketing program with a chiropractor. Accordingly, the Hearing Panel concludes that the Respondent violated KRPC 7.3.

    c. According to KRPC 8.4(a) '[I]t is professional misconduct for a lawyer to . . . [v]iolate or attempt to violate the rules of professional conduct, knowingly assist or induce another to do so, or do so through the acts of another.' *Id.* The Respondent violated KRPC 4.1 and 7.3, therefore, the Hearing Panel concludes that the Respondent violated KRPC 8.4(a).

    d. KRPC 8.4(c) defines professional misconduct as 'engag[ing] in conduct involving dishonesty, fraud, deceit or misrepresentation.' By misrepresenting material facts to witnesses in the Missouri disciplinary proceeding, the Re-

---

[2] "It is important to note that the Missouri Supreme Court found that the Respondent violated Missouri Supreme Court Rules 4-4.1, 4-7.3, 4-8.4(a), 4-8.4(c), and 4-10.1. Missouri Supreme Court Rules 4-4.1, 4-8.4(a), 4-8.4(c) are identical to KRPC 4.1, 8.4(a) and 8.4(c) respectively. However, Missouri Supreme Court Rule 4-7.3 is not the same as KRPC 7.3. The Missouri rule is more permissive than its Kansas counterpart. (In other words, what would be a violation in Kansas would not necessarily be a violation in Missouri. Conversely, any conduct that would violate the Missouri rule, would necessarily violate the Kansas rule.) Finally, Missouri Supreme Court Rule 4-10.1 addresses permissible referral services. The Kansas Supreme Court Rules do not contain a provision similar to Missouri Supreme Court Rule 4-10.1."

spondent engaged in conduct that involves dishonesty or misrepresentation. *Id.* As a result, the Hearing Panel concludes that the Respondent violated KRPC 8.4(c).

"3.  Kan. Sup. Ct. R. 207 provides:
(a)  The members of the bar or any state or local bar association shall assist the Disciplinary Administrator in investigations and such other matters as may be requested of them.
(b)  It shall be the duty of each member of the bar of this state to aid the Supreme Court, the Disciplinary Board, and the Disciplinary Administrator in investigations concerning complaints of misconduct, and to communicate to the Disciplinary Administrator any information he or she may have affecting such matters.

*Id.* In this case, the Respondent failed to respond to one (1) telephone message and two (2) letters from Investigator Donald E. Burns. Additionally, the Respondent never contacted the Disciplinary Administrator at any time during the course of the investigation and prosecution of this matter. Even though the Formal Complaint does not specifically allege a violation of Kan. Sup. Ct. R. 207, the Formal Complaint does request that the Hearing Panel 'make such further findings and recommendations as the panel deems just and equitable.' Based upon the Respondent's failure to cooperate in the investigation, the Hearing Panel concludes that the Respondent violated Kan. Sup. Ct. R. 207."

Based upon these conclusions of law the panel made the following recommendations:

### "RECOMMENDATION

"In making its recommendation for discipline, the Hearing Panel considered the factors outlined by the American Bar Association's Standards for Imposing Lawyer Sanctions (hereinafter 'Standards'). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"*Duty Violated.* In this case, the Respondent violated his duty to maintain personal integrity by engaging in conduct that involved dishonesty or misrepresentation. Additionally, the Respondent violated his duty to the legal profession by directly soliciting clients in violation of KRPC 7.3. Finally, the Respondent violated his duty to the legal profession by failing to cooperate in the investigation and prosecution of this disciplinary matter.

"*Mental State.* The Respondent *intentionally* engaged in conduct that involved dishonesty or misrepresentation.

"*Injury.* The Hearing Panel is unable to discern whether any clients or third persons suffered any injury as a result of the Respondent's misconduct. Certainly, the legal profession suffered as a direct result of the Respondent's transgressions.

"*Aggravating or Mitigating Factors.* Because the Respondent failed to cooperate in the investigation and prosecution, there is no evidence in mitigation before the Hearing Panel. Additionally, based on the limited information from the Missouri disciplinary authorities, there is, likewise, no evidence in aggravation to consider.

"In addition to the above-cited factors, the Hearing Panel has thoroughly examined and considered Standard 5.11(b). That standard provides, in pertinent part:

"Disbarment is generally appropriate when . . . a lawyer engages in . . . intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice.

*Id.* In this case, even based on the limited factual information from the Missouri disciplinary authorities, it is clear that the Respondent engaged in intentional conduct involving dishonesty or misrepresentation by not being 'completely truthful in [his] communications with certain witnesses having knowledge relevant to a bar complaint' filed against the Respondent in 1997 and by failing to 'disclose all material facts and circumstances' to witnesses and the Missouri disciplinary authorities. Such misconduct seriously and adversely reflects on the Respondent's fitness to practice law.

"THEREUPON, in making its recommendation, the Hearing Panel unanimously recommends that the Respondent be disbarred.

"Costs are assessed against the Respondent in an amount to be certified by the Office of the Disciplinary Administrator."

The efforts of the Clerk of the Appellate Courts to notify respondent of the hearing before us have resulted in notices being returned marked "Forwarding Order Expired" or "Attempted Not Known," although mailed by certified mail, return receipt requested, to his registered address.

The court accepts the findings of facts, conclusions of law, and recommendations of the panel.

NOW, THEREFORE, IT IS ORDERED that John Edward Rogers, be, and he is hereby, disbarred from the practice of law in the State of Kansas, that his privilege to practice law in the State of Kansas is hereby revoked, and that the Clerk of the Appellate Courts of Kansas strike the name of John Edward Rogers from the roll of attorneys in the State of Kansas.

IT IS FURTHER ORDERED that the certificate of John Edward Rogers to practice law in the State of Kansas is hereby canceled and declared null and void, and John Edward Rogers shall forth-

with forward, or cause to be forwarded, to the Clerk of the Appellate Courts his certificate of admission to practice law in the State of Kansas.

IT IS FURTHER ORDERED that this order shall be published in the official Kansas Reports, that the costs herein are assessed to the respondent, and that the respondent shall forthwith comply with Supreme Court Rule 218 (1999 Kan. Ct. R. Annot. 250).